

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415
Tel. (718) 263-9591 Fax. (718) 263-9598

July 17, 2023

**Via ECF**
The Honorable Judge Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

The parties must submit a fully executed agreement before the Court will evaluate its fairness.  The parties shall file the fully executed agreement by **July 24, 2023**.

Dated: July 18, 2023
     New York, New York

*[signature]*
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re: **Uribe, et al. v. Prestige Car Care of NY Inc., et al.**
    **23-CV-1853 (LGS)**

Dear Judge Schofield:

Our office represents the Oscar Julian Cardona Uribe ("Uribe") and Fredy Santiago Bonilla Lagos ("Lagos") (collectively, the "Plaintiffs") in the above-referenced matters and we submit this motion jointly with counsel for Prestige Car Care of NY Inc. and Eddie Garcia (collectively, the "Defendants") seeking approval of the Settlement Agreement (attached hereto as **Exhibit 1**) ("the Agreement") as fair and reasonable.[1] The terms of the Agreement were reached with the assistance of the SDNY Mediation Program and a June 15, 2023 mediation with all parties present.

The parties submit that the terms of the Agreement comport with *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d. Cir. 2015) and provide analysis using the factors articulated in *Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335-336* as a basis for why the Court should approve the Agreement. Separately, Plaintiffs' counsel addresses their request for attorneys' fees and their fee arrangement with Plaintiffs.

### I.     The Wolinsky Factors

The parties analyze the fairness and reasonableness of the Agreement utilizing the factors articulated in *Wolinsky*:

**1.     The Plaintiffs' range of possible recovery:**

---

[1] The parties have submitted the Agreement unsigned as both parties are in the process of obtaining client signatures. The parties can supplement this Motion with a fully-executed Agreement within one week or on or before July 24, 2023.

### a. The Parties' Position

Plaintiffs are two former employees of Defendants who brought this lawsuit alleging that they were not paid proper overtime rates of pay in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL").

Plaintiff Uribe alleged that he was employed by Defendants for approximately six months. Plaintiff alleged that during his employment, he worked approximately 61.5 hours per week but was paid a flat weekly salary of $650.00. As such, he alleged that he was owed approximately 21.5 hours of unpaid overtime per workweek.

Plaintiff Lagos alleged that he was employed by Defendants for approximately one month. Plaintiff alleged that during his employment, he worked approximately 60 hours per week but was paid a flat weekly salary of $600.00. As such, he alleged that he was owed approximately 20 hours of unpaid overtime per workweek.

In total, Plaintiffs alleged approximately $17,500.00 in unpaid overtime wages. If Plaintiffs were also successful on establishing entitlement to an equal sum in liquidated damages under the FLSA and/or NYLL, they could have recovered up to $35,000.00. As such, Plaintiffs viewed their reasonable range of recovery to be from $0.00 to $35,000.00.

Defendants disputed the accuracy of Plaintiffs' claims. Defendants contended that Plaintiffs worked shorter time periods alleged and that there were gaps in Plaintiff Uribe's employment. Defendants maintained conversations between Plaintiff Uribe and Defendants which they believe supported the contention that Uribe worked fewer hours and days than alleged and thus would lower the potential recovery sought by Plaintiffs. Defendants also provided information regarding Defendants' limited financial capabilities.

### b. The Settlement Amount is Fair and Reasonable

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id.* (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id.* (citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC,* 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

The parties have agreed to settle all claims asserted in this matter against Defendants for $20,000.00. The parties believe that this amount is reasonable considering Plaintiffs' claims and the defenses and records maintained by Defendants in this matter. Moreover, the settlement amount was only achieved after mediation before a Court-appointed neutral. The parties had genuine, bona fide disputes over the dates of Plaintiffs'

employment, the hours worked by Plaintiffs and the pay received by Plaintiffs but negotiated in good faith to resolve these disputes with a fair and reasonable settlement amount. Moreover, the settlement amount falls squarely in the realistic range of settlement and allows each Plaintiff to recover a substantial portion of their alleged unpaid wages – a figure disputed by Defendants.

2. **The extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing respective claims and defenses":**

The settlement still enables the parties to avoid the anticipated burdens and expenses of formal paper discovery, including exchanging interrogatory and document demands and responses on each other, as well as depositions and a trial. Had the parties not reached a settlement, both sides faced significant time and expenses dedicated to conducting at least three party depositions and an undetermined number of non-party depositions. The parties may have also engaged in pre-trial motion practice. Lastly, the parties also anticipated significant time and expenses dedicated to conducting a trial that may have lasted multiple days.

Each Plaintiff would have been required to take multiple days off from his or her current job and Plaintiffs would have incurred expenses preparing exhibits and hiring court-licensed translators for trial and conducting the trial. Defendants would have also been required to dedicate significant time and money toward a trial which would have served as a distraction to operating their business. The settlement gives both parties peace of mind that they will not incur additional expenses and face an uncertain outcome at trial.

3. **The seriousness of litigation risks faced by the parties:**

Both parties faced significant risks had they proceeded to trial in this matter.

Although Plaintiffs were confident that they could succeed on all their claims, Plaintiffs recognized the attendant risks of not prevailing at trial and not receiving any recovery. Plaintiffs also could have recovered less than agreed-upon settlement at trial. Moreover, Plaintiffs could have recovered a judgment against Defendants at trial on which they could not collect. The seriousness of this risk favored a guaranteed payment through a Court-approved settlement for Plaintiffs.

Defendants also faced the risk of losing at trial and not only having to pay any potential unpaid wages, liquidated damages and penalties to Plaintiffs but also Plaintiffs' counsel's reasonable attorneys' fees, should Plaintiffs have prevailed at a trial.

4. **Whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel":**

The parties engaged in back-and-forth settlement talks since Defendants' counsel was retained in April 2023. The settlement was reached at a Court-annexed mediation with parties present on June 15, 2023.

Plaintiffs are represented by counsel who specialize in FLSA and NYLL matters and have settled hundreds of wage-and-hour cases in both New York state and federal courts. Defendants are also represented by counsel who specialize in FLSA and NYLL matters.

The Agreement was the product of continued arm's-length bargaining between experienced counsel and has been carefully tailored to satisfy the criteria articulated for approval by Second Circuit courts.

5. **The possibility of fraud of collusion:**

Both parties are represented by experienced, competent counsel and the parties have maintained a professional relationship throughout the litigation. There is no possibility of fraud or collusion in this settlement.

II. **Attorneys' Fees and Distribution to Plaintiffs**

Plaintiffs and Defendants agreed to a global settlement of $20,000.00. If the Agreement is approved by the Court, Plaintiffs will recover an aggregate amount of $12,656.00. Each Plaintiff will receive an amount based on Plaintiffs' counsel's individualized calculations of damages, which factor in the alleged length of each Plaintiff's employment, the alleged hours worked by each Plaintiff, the alleged rates of pay received. Plaintiff Uribe will recover $10,000.00 and Plaintiff Lagos will recover $2,656.00.

Plaintiffs' counsel respectfully requests $1,016.00 for identifiable expenses, which include:
- the Southern District of New York filing fee in this matter: $402.00
- the costs of attempted service and actual service of the Summons and Complaint on all Defendants: $614.00

Plaintiffs' counsel respectfully requests one-third of the settlement less their expenses ($18,984.00), or $6,328.00 in attorneys' fees, as agreed upon in the Plaintiffs' retainer agreements with this firm. Therefore, if this request is approved, the total amount to be paid to the attorneys for their fees and expenses in this matter is $7,344.00.

**Settlement Amount:** $20,000.00
**Attorneys' Expenses:** $1,016.00
**Net Settlement Amount:** $18,984.00 ($20,000.00 - $1,016.00)
**Requested Attorneys' Fees:** $6,328.00 ($18,984.00 / 3)
**Total payable to Attorneys:** $7,344.00 ($6,328.00 + $1,016.00)
**Total payable to Plaintiffs:** $12,656.00 ($20,000.00 - $7,344.00)

Plaintiffs' attorneys and their clients have retainer agreements that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are

routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). Courts in this District typically approve a fee of one-third or less of the settlement amount. *See Santos v. Yellowstone Props, Inc*., 2016 WL 2757427 at *4 (S.D.N.Y. May 10, 2016).

This request for attorneys' fees is supported by the work performed by Plaintiffs' counsel throughout the litigation of this matter and the recovery secured through their efforts. Furthermore, the fee requested is reasonable in relation to the recovery received by Plaintiffs and the fee arrangement of one-third of the net settlement amount is regularly approved by courts in the Second Circuit.

Furthermore, please see Plaintiffs' counsel's billing records and attorney qualifications attached hereto as **Exhibit 2**.

### III.   Closing

In closing, the parties believe that the settlement amount and the terms of the Agreement are fair and reasonable. The settlement was the product of Court-annexed mediation, and the terms of the Settlement Agreement comport with Second Circuit case law. As such, we respectfully request that the Court approve the Settlement Agreement and dismiss this action. We thank the Court for its consideration and remain available to provide any additional information.

Respectfully submitted,

*James O'Donnell*
James O'Donnell, Esq.