UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
OSCAR JULIAN CARDONA URIBE et al.,
                           Plaintiffs,

-against-

PRESITGE CAR CARE OF NY INC. et al.,
                           Defendants.
------------------------------------------------------------X

23 Civ. 1853 (LGS)

ORDER

LORNA G. SCHOFIELD, District Judge:

    WHEREAS, on August 9, 2023, the parties filed their joint letter and executed settlement agreement, including contemporaneous time records and a breakdown of Plaintiffs' counsel's fees.  It is hereby

    **ORDERED** that the settlement agreement is APPROVED as fair and reasonable based on the nature and scope of Plaintiffs' claims and the risks and expenses involved in additional litigation.  In the Second Circuit, "parties cannot privately settle FLSA claims with a stipulated dismissal with prejudice under Federal Rule of Civil Procedure 41 absent the approval of the district court or the Department of Labor."  *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 599 (2d Cir. 2020); *see also Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206–07 (2d Cir. 2015); *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012) (outlining the factors that district courts have used to determine whether a proposed settlement is fair and reasonable). After attorney's fees and costs, Plaintiffs will receive $12,656.00, which is approximately 36% of the maximum total damages Plaintiffs estimate they could recover at trial, and approximately 72% of Plaintiffs' total alleged unpaid overtime wages.  Those percentages are in line with settlements approved in this District that are struck early in litigation, when plaintiffs' chances of recovering anything at trial are uncertain at best.  *See, e.g.*, *Santos v. YMY Mgmt. Corp.*, No. 20 Civ. 1992, 2021 WL 431451, at *1 (S.D.N.Y. Feb. 8, 2021) (collecting cases).  The settlement is

the product of arms-length negotiations by experienced counsel -- facilitated by the Court's mediation program -- and there is no indication of fraud or collusion. *Id.* (citing *Wolinsky*, 900 F. Supp. 2d at 335). The proposed settlement agreement is fair and reasonable because it does not release claims with "no relationship whatsoever to wage-and-hour issues." *Id.* at *2 (internal quotation marks omitted). It is further

**ORDERED** that Plaintiffs' counsel's request for $6,328.00, exclusive of costs, is GRANTED. This amount is substantially less than the lodestar calculation of $8,027.50 and equals approximately one-third of the settlement amount less costs. In determining appropriate fees, the Second Circuit has held that "the lodestar -- the product of a reasonable hourly rate and the reasonable number of hours required by the case -- creates a presumptively reasonable fee." *Perez v. AC Roosevelt Food Corp.*, 744 F.3d 39, 44 (2d Cir. 2013); *accord Hollis v. All Am. Bar on First, Inc.*, No. 22 Civ. 1466, 2023 WL 4350613, at *3 (S.D.N.Y. July 5, 2023). "To aid a court in determining the reasonableness of proposed attorney's fees, counsel must submit evidence providing a factual basis for the award" in the form of "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Wolinsky*, 900 F. Supp. 2d at 336. Plaintiffs' attorneys have done so here. Attorney Roman Avshalumov's hourly rate of $425.00 is on the high end of those approved by courts in this circuit for counsel of similar experience in similar cases. *See Hollis*, 2023 WL 4350613, at *3 n.6 ("Courts of this Circuit commonly allow for hourly rates of $300 to $400 for experienced attorneys or partners in FLSA and NYLL wage-and-hour cases."). But the requested fee would be less than the lodestar even if Avshalumov's rates were substantially lower. Accordingly, it is appropriate to grant Plaintiffs' counsel a fee of $6,328.00. It is further

**ORDERED** that Plaintiffs' counsel's request for $1,016.00 in filing and service fees is GRANTED. The Court approves these costs as reasonable. *See Hollis*, 2023 WL 4350613, at *3

(approving filing and service fees totalling $866.00); *Collado v. Donnycarney Rest. L.L.C.*, No. 14 Civ. 3899, 2015 WL 4737917, at *14 (S.D.N.Y. Aug. 10, 2015) (approving filing and service fees totaling $1,145.00).  The remainder of the settlement shall be distributed to Plaintiffs.  The Clerk of Court is respectfully directed to close this case.

Dated:  August 9, 2023
       New York, New York

                                                   LORNA G. SCHOFIELD
                                            UNITED STATES DISTRICT JUDGE